11-944-ag
Veliu v. Holder

BIA
Nelson, IJ
A099 521 162
A099 521 163

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31ˢᵗ day of July, two thousand twelve.

PRESENT:
  RICHARD C. WESLEY,
  RAYMOND J. LOHIER, JR.,
  SUSAN L. CARNEY,
   *Circuit Judges*.

_____

REZEART VELIU, AMIJET KERKUTI,
  *Petitioners*,

  v.         11-944-ag
              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
  *Respondent*.

_____

FOR PETITIONERS:  Gregory Marotta, Vernon, New Jersey.

FOR RESPONDENT:  Tony West, Assistant Attorney General; Susan K. Houser; Francis W. Fraser, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Rezeart Veliu and Amijet Kerkuti, natives of the former Yugoslavia, ethnic Albanians, and citizens of Macedonia, seek review of a February 16, 2011 decision of the BIA that affirmed the February 27, 2009 decision of an immigration judge ("IJ") denying Veliu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and the derivative claim of Kerkuti, Veliu's wife. *In re Rezeart Veliu, Amijet Kerkuti*, Nos. A099 521 162/163 (B.I.A. Feb. 16, 2011), *aff'g* Nos. A099 521 162/163 (Immig. Ct. N.Y. City Feb. 27, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we review both the BIA's and IJ's opinions. *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Aliyev v. Mukasey*, 549 F.3d 111, 115 (2d Cir. 2008).

Veliu contends that the agency erred by failing to

consider whether he established past persecution in Macedonia.  But the IJ reasonably construed his application as based solely on his claim of a well-founded fear of future persecution instead, because Veliu testified that he had never been arrested, detained, beaten, or otherwise harmed in Macedonia, and the harassment that his family members allegedly suffered in the past was not sufficient to establish past persecution as to Veliu.  *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 308 (2d Cir. 2007) (concluding "that the statutory scheme unambiguously dictates that applicants can become candidates for asylum relief only based on persecution that they themselves have suffered"); *see also Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (holding that in order to constitute persecution, harm must be sufficiently severe, rising above "mere harassment").

Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution.  *See* 8 C.F.R. § 1208.13(b)(2).  Veliu argues that he established such a well-founded fear based on the expected consequences of his prior evasion of service in the Macedonian military.  Although past avoidance of compulsory military service generally does not provide a

3

basis for asylum, we have recognized exceptions to this rule when (1) "an individual's refusal to serve in the military leads to disproportionately excessive penalties, inflicted on him or her because of that individual's race, religion, nationality, membership in a particular social group, or political opinion"; or (2) "an individual . . . is fleeing to avoid punishment for refusing to join a military force condemned by the international community." *Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir. 2005), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir. 2007) (internal quotation marks and citations omitted).

Here, the agency did not err in finding that Veliu failed to demonstrate a well-founded fear of suffering disproportionately excessive penalties on account of his ethnicity for his refusal to serve in the Macedonian military.  As the IJ found, the record evidence indicates that Macedonian draft evaders, regardless of ethnicity, most often face a minor fine; they may be imprisoned for up to two months.  We have held that "[p]unishment for violation of a generally applicable criminal law is not persecution." *Saleh v. U.S. Dep't of Justice*, 962 F.2d 234, 239 (2d Cir. 1992).  Moreover, although the 2007 U.S. Department of State

4

Country Report on Human Rights Practices in Macedonia ("2007 Report") stated that ethnic Albanians face discrimination in Macedonia, this evidence did not demonstrate that the discrimination rises to the level of persecution. *See Ivanishvili*, 433 F.3d at 341. Moreover, the report advised that the treatment of ethnic minorities had improved significantly in recent years.

Additionally, an expert witness's conclusory assertion that there was "a good possibility that [Veliu would] be mistreated by police" did not establish that Veliu's fear of police abuse was objectively reasonable. Neither the expert's testimony nor the most recent country conditions evidence cited well-sourced or detailed reports of police abuse against ethnic Albanian detainees. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 160-61, 165 (2d Cir. 2008) (finding no error in the agency's determination that unattributed reports of persecution alone are insufficient to demonstrate that a fear of persecution is well-founded); *see also Lecaj v. Holder*, 616 F.3d 111, 117-19 (2d Cir. 2010) (concluding that a country report's discussion of an isolated incident of police abuse against ethnic Albanians in Montenegro was insufficient to demonstrate that an applicant's fear of persecution on account of his ethnicity

5

was objectively reasonable).  Furthermore, the 2007 Report observed that police misconduct had been "substantially reduced," and that the government had made an effort to recruit ethnic Albanians to the police force, which was comprised of 17 percent ethnic Albanians.

Because the agency reasonably found that Veliu failed to establish that he had a well-founded fear of being subjected to disproportionately excessive penalties for evading the Macedonian military draft, it did not err in denying him asylum, withholding of removal, and CAT relief: all three claims rested on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6